John H. Gomez (No. 171485)
john@gomeztrialattorneys.com
**GOMEZ TRIAL ATTORNEYS**
650 Town Center Drive, Suite 870
Costa Mesa, CA 92626
Telephone (619) 237-3490
Fax: (619) 237-3496

Ed Allred (*Pro Hac Vice* to be submitted)
eallred@wattsguerra.com
Jorge L. Mares (*Pro Hac Vice* to be submitted)
jmares@wattsguerra.com
**WATTS GUERRA LLP**
4 Dominion Drive, Bldg 3.
San Antonio, Texas 78257
Office: 210.448.0500
Fax: 210.448.0501

Gretchen M. Nelson (No.112566)
gnelson@nflawfirm.com
Gabriel S. Barenfeld (No. 224146)
gbarenfeld@nflawfirm.com
**NELSON & FRAENKEL, LLP**
707 Wilshire Blvd, Suite 3600
Los Angeles, CA 90017
Telephone: (213) 622- 6469
Fax: (213) 622-6019

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DAVE MICHAEL PETERS<br><br>Plaintiff,<br><br>v.<br><br>ROGER STEFFENS, W.W. NORTON & COMPANY, and TANTOR MEDIA, INCORPORATED<br><br>Defendants. | Case No.  2:18-cv-02757<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Dave Michael Peters, by and through his undersigned counsel, files this Complaint against Defendants Roger Steffens, W.W. Norton & Company, and Tantor Media, Incorporated (collectively "Defendants"), and alleges as follows:

NATURE OF ACTION

1.  This copyright infringement action is brought to end Defendant's unauthorized and infringing reproduction, creation of derivative works, distribution, and offer for sale of copyrighted material, including printed material and audio recordings.

2.  Plaintiff is the owner of all right, title, and interest in and to the Federal Copyright with Registration Number TXu001727469, which is printed material with the title of "The Whole Truth and Nothing But The Truth So Help Me Bob." Plaintiff maintains exclusive rights to reproduce, prepare derivative works, distribute, offer for sale, and create digital recordings of his copyrighted material pursuant to 17 U.S.C § 106.

3.  Defendant Roger Steffens is the author of the book titled "So Much Things to Say: The Oral History of Bob Marley," which infringes on Plaintiff's copyright. W.W. Norton & Company ("Norton") published Steffens' book and Tantor Media, Incorporated ("Tantor Media") produced the digital audio recording of Steffens' book (the printed book and audio recording are collectively referred to as the "Infringing Works"); both Norton and Tantor Media infringed on Plaintiff's copyright.

4.  Plaintiff seeks an injunction to prevent Defendants from continued distribution of the Infringing Works. Plaintiff further seeks monetary damages and prejudgment interest for Defendant's past infringement of Plaintiff's copyrighted material. Specifically, Plaintiff is entitled to recover actual damages and the Defendants' profits under 17 U.S.C. § 504(b), as well as statutory damages authorized by 17 U.S.C. § 504(c).

1

2                          JURISDICTION AND VENUE

3       5.     This in an action for copyright infringement arising under the

4   Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* This court has subject matter

5   jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

6       6.     Venue in this District is proper under 28 U.S.C. § 1391(b)(3) and

7   1400(a), as Roger Steffens, who is the agent of Norton and Tantor Media, resides

8   and does business in this Court's jurisdiction. Moreover, Norton and Tantor Media

9   sell their Infringing Works through their agent, Roger Steffens, as well as other

10  agents found throughout this Court's jurisdiction, including but not limited to

11  Amazon facilities located in San Bernardino County and Riverside County.

12      7.     Venue is further proper in this Court pursuant to 28 U.S.C. § 1391

13  because a substantial part of the events giving rise to Plaintiff's claims occurred, in

14  part, in the Central District of California, including the distribution and display of

15  the copyrighted material.

16      8.     Finally, Defendants Norton and Tantor Media sell their Infringing

17  Works through their agent, Roger Steffens, as well as other agents found throughout

18  this Court's jurisdiction, including but not limited to Amazon facilities located in

19  San Bernardino County, California, and Riverside County, California, which

20  provides venue over this action pursuant to 28 U.S.C. § 1400(a).

21      9.     The Court has general and specific personal jurisdiction over

22  Defendant Steffens.  Defendant Steffens is domiciled in and is a citizen of Los

23  Angeles, California.  He is at home in California.  Additionally, Defendant Steffens

24  purposefully directed his commercial activities to California and the claims asserted

25  herein against Defendant Steffens arise foreseeably from his purposeful direction

26  of those intentional activities, including the infringement of Plaintiff's copyright

27  and the use of copyrighted material for commercial sale in direct competition with

28  Plaintiff's copyrighted work.  The exercise of personal jurisdiction over Defendant

                                        - 3 -

1   Steffens in this action would not be unreasonable and comports with traditional
2   notions of fair play and substantial justice.

3        10.   This Court has specific personal jurisdiction over Defendant Norton in
4   this lawsuit.   Defendant Norton availed itself of the privileges of conducting
5   activities in California by performing acts or consummating transactions within
6   California.   Defendant Norton has invoked the benefits and protections of
7   California laws and purposefully directed its activities to California by committing
8   intentional acts that were expressly aimed at California and which caused harm that
9   Defendant Norton knew was likely to be suffered in California.   As alleged herein,
10  Defendant Norton's intentional acts include placing materials, that infringe upon
11  Plaintiff's copyright, in California and marketing those materials for commercial
12  sale in California with full knowledge that the Infringing Works would impede on
13  the marketability of Plaintiff's copyrighted work.   The claims asserted by Plaintiff
14  in this action arise out of or result from Defendant Norton's California-related
15  activities.   Plaintiff's claims are directly related to Defendant Norton's acts of
16  infringement and the commercial direction of its materials, including that infringing
17  material, into the marketplace in California to compete directly with Plaintiff's
18  copyrighted work.   There is a direct nexus between the causes of action asserted in
19  this Complaint and Defendant Norton's activities within California.   Plaintiff's
20  injuries caused by Defendant Norton's infringement of Plaintiff's copyright arise
21  directly and foreseeably from Defendant Norton's purposeful direction of its
22  activities to California.   Finally, the exercise of personal jurisdiction over
23  Defendant Norton in this action would not be unreasonable and comports with
24  traditional notions of fair play and substantial justice.

25       11.   This Court has specific personal jurisdiction over Defendant Tantor
26  Media in this lawsuit.  Defendant Tantor Media availed itself of the privileges of
27  conducting activities in California by performing acts or consummating
28  transactions within California.  Defendant Tantor Media has invoked the benefits

- 4 -

1    and protections of California laws and purposefully directed its activities to
2    California by committing intentional acts that were expressly aimed at California
3    and which caused harm that Defendant Tantor Media knew was likely to be suffered
4    in California.  As alleged herein, Defendant Tantor Media's intentional acts include
5    placing materials that infringe upon Plaintiff's copyright into direct competition
6    with Plaintiff's work in California and marketing those materials for commercial
7    sale in California in direct competition with Plaintiff's work.  The claims asserted
8    by Plaintiff in this action arise out of or result from Defendant Tantor Media's
9    California-related activities.  Plaintiff's claims are directly related to Defendant
10   Tantor Media's acts of infringement and the commercial direction of its materials,
11   including that infringing material, into the marketplace in California to compete
12   directly with Plaintiff's copyrighted work.  There is a direct nexus between the
13   causes of action asserted in this Complaint and Defendant Tantor Media's activities
14   within California.  Plaintiff's injuries caused by Defendant Tantor Media's
15   infringement of Plaintiff's copyright arise directly and foreseeably from Defendant
16   Tantor Media's purposeful direction of its activities to California.  Finally, the
17   exercise of personal jurisdiction over Defendant Tantor Media in this action would
18   not be unreasonable and comports with traditional notions of fair play and
19   substantial justice.

20   12.   More specifically, this Court has personal jurisdiction over Defendants
21   Norton and Tantor Media, as they are selling and offering to sell copies of
22   copyrighted material, and have within a reasonable period prior to the filing of this
23   action, sold and offered to sell and distribute their infringing products, including
24   the infringing books and audio recordings, to customers in this state and in this
25   district, either directly or indirectly.  Upon information and belief, Norton and
26   Tantor Media have purposefully directed their infringing products, including the
27   infringing books and audio recordings, into the marketplace in California, knowing
28   or reasonably expecting that the infringing books and audio recordings will be

- 5 -

distributed, sold, or offered to be sold in this state and in this district.   Upon information and belief, Norton and Tantor Media have intentionally established distribution channels to offer their infringing products for sale in California and to sell and distribute their infringing products in Calfornia, including the books and audio recordings. All such reproduction, distribution, display, and creation of derivative works was unauthorized by Plaintiff, the exclusive owner of the rights to reproduce, distribute, and create derivative works from such copyrighted material.

PARTIES

13.   Plaintiff, Dave Michael Peters, is a natural person currently residing in San Antonio, Texas with an address of 7514 Eagle Ledge, San Antonio, TX 78249.

14.   On information and belief, Defendant, Roger Steffens, is domiciled in Los Angeles, California. Roger Steffens is an agent of Norton and Tantor Media.

15.   On information and belief, Defendant, W.W. Norton & Company, Inc., is incorporated in New York with its principal place of business located at 500 5th Ave # 6, New York, NY 10110. Norton does substantial business within the Central District of California. On information and belief, Norton is the publisher of Defendant Roger Steffens' Book, "So Much Things to Say: The Oral History of Bob Marley."   Without authorization, Norton has reproduced, distributed, and displayed the copyrighted material that is owned by Plaintiff. Norton maintains agents, including but not limited to Roger Steffens, in the Central District of California.

16.   On information and belief, Defendant, Tantor Media, Incorporated, is a Connecticut corporation with its principal place of business at 6 Business Pk Rd., Old Saybrook, CT, 06475. Tantor Media recreated the Steffens' book into a digital audio collection, which it reproduces and distributes without the consent of Plaintiff. Tantor Media maintains agents, including but not limited to Roger

- 6 -

1 | Steffens, in the Central District of California.

2 | FACTUAL ALLEGATIONS

3 |     17.    Plaintiff is a researcher, writer, and Reggae music enthusiast. After

4 | meeting Glen DeCosta, the saxophone player of The Wailers in the early 1990's,

5 | Mr. Peters began working on a novel with Glen describing his life with Bob

6 | Marley. The subject of the novel specifically concerned the ten years Mr.

7 | DeCosta had been on tour with the legendary Jamaican singer-songwriter, and the

8 | years following Bob Marley's death. Over the last 24 years, Mr. Peters has

9 | traveled to Jamaica over 60 times, researching, interviewing, and recording both

10 | music and interviews for the copyrighted material entitled "The Whole Truth,

11 | And Nothing But The Truth, So Help Me Bob" ("The Whole Truth").

12 |     18.    On or about December 2009, Mr. Peters registered "The Whole

13 | Truth" for federal copyright protection with the United States Copyright Office

14 | and was subsequently issued Registration Certificate No. TXu001727469 on

15 | January 4, 2010. Attached as Exhibit 1 to this Complaint is a true and correct copy

16 | of the copyright registration found on the Copyright Office Website.

17 |     19.    At all relevant times, Mr. Peters was and is the sole owner of all

18 | exclusive rights to "The Whole Truth."

19 |     20.    In October of 2015, Los Angeles-based writer, Gustavo Turner was

20 | hired to assist in the writing and editing process of "The Whole Truth." While

21 | doing so, Gustavo, who had connections to another famed Bob Marley enthusiast,

22 | Roger Steffens, shared a copy of "The Whole Truth" manuscript with Roger

23 | Steffens for critique.

24 |     21.    On July 11, 2017, Steffens' book, "So Much Things to Say: The Oral

25 | History of Bob Marley," was published by Norton, followed by an audiobook

26 | issued by Tantor Media. Steffens' book and the associated audiobook are The

27 | Infringing Works. At the time this complaint was filed, the Infringing Works

28 | were the #1 best-selling Reggae Music book on Amazon.

- 7 -

22.     The Infringing Works include a 385-word portion of "The Whole Truth" recalling the "special jug" that Bob Marley used to keep in the fridge while on tour. Before then, Glen's account of an incident at the historic Apollo Theater involving Bob Marley's "special jug" was a previously untold story that Glen only intended to disclose in his upcoming memoir, "The Whole Truth." Though Defendants claim that Roger Steffens' actually interviewed Glen DaCosta to obtain the story, Mr. DeCosta was never interviewed by Mr. Steffens. Rather, the story was taken from "The Whole Truth" and placed in the Infringing Works

23.     Defendants did not have any license, authorization, permission, or consent to use any part of "The Whole Truth" in the Infringing Work. Defendants had access to and intentionally copied Plaintiff's work from "The Whole Truth." Further, Defendants intentionally and/or negligently copied, publicly distributed, and/or publicly displayed the Infringing Works. All of Defendants' actions were taken without prior request or permission of Plaintiff, who was the exclusive owner of the rights to reproduce, prepare derivative works, distribute, display, and create digital recordings of The Whole Truth.

24.     In fact, on or around August 13, 2017, after purchasing a copy of the Infringing Works, Plaintiff learned that Defendant Steffens had plagiarized a portion of "The Whole Truth" in the Infringing Works. Attached as Exhibit 2 to this Complaint is a true and correct copy of an excerpt from Plaintiff's copyrighted material. Attached as Exhibit 3 to this Complaint is a true and correct copy of an excerpt from Defendants' Infringing Works. A comparison of Exhibit 2 and Exhibit 3 clearly illustrates the unauthorized use of Plaintiff's copyrighted material.

25.     Though Defendant Steffens was on notice of a valid copyright in the contents of "The Whole Truth" the moment he took Plaintiff's work and claimed it as his own, Plaintiff nevertheless informed Defendant Steffens about the infringing use of his copyright on or around October 15, 2017.

26.     Despite having knowledge of the infringement, Defendants continue to infringe Plaintiff's copyright by distributing, displaying, reproducing, creating derivative works, and creating digital audio recordings of the Infringing Works, which contains 385 words directly copied from "The Whole Truth." Plaintiff is entitled to redress for Defendants' willful, intentional and purposeful use and exploitation of Plaintiff's copyrighted material for their own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiffs' rights.

27.     Defendants have already begun reproducing, distributing, creating derivatives, displaying, and digital audio recordings of the audio recordings the Infringing Works throughout the United States.

28.     Upon information and belief, Defendant Steffens has been on tour to promote the Infringing Works on a Global basis.

29.     Defendants' continued imminent commercial use of the Infringing Works will cause Plaintiff irreparable harm by depriving him off the right to control the reproduction of his copyrighted material and earn revenue from his copyrighted material as.

30.     As the portion of the Infringing Works would also be considered plagiarism, Plaintiff is likely to succeed on the merits of his copyright infringement claim against the Defendants because Defendants' use of the Infringing Works does not fall within any of the statutory exceptions to copyright infringement and is in violation of copyright laws.

31.     Plaintiff is therefore entitled to an injunction barring Defendants from continued infringement of Plaintiff's copyright.

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### COUNT I
### COPYRIGHT INFRINGMENT AND RELATED CLAIMS
### PURSUANT TO 17 U.S.C. §101 ET SEQ

32.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

33.     "The Whole Truth" constitutes original work and copyrightable subject matter pursuant to the Copyright Act, and it was duly registered by Plaintiff with the United States Copyright Office in compliance with relevant statutory formalities.   Plaintiff is the owner of a valid copyright in "The Whole Truth."

34.     At all relevant times, Plaintiff, not the Defendants, was, and still is, the owner of all rights, title and interest in and to his copyright to the material contained within "The Whole Truth." As such, Plaintiff has the exclusive rights to, among other things, reproduce his work, distribute copies of his work to the public, create derivative works, create digital audio recordings, and to authorize such reproduction, distribution and display of his work. These rights have never been assigned, licensed, or otherwise transferred to Defendant or any other person, nor have such rights been dedicated to the public.

35.     By their actions alleged in this Complaint, Defendants have directly infringed Plaintiffs' copyrights in and relating to "The Whole Truth." As a factual matter, Defendants actually used portions of the copyrighted work "The Whole Truth" to make the Infringing Works.  Defendants had access to "The Whole Truth" before creation of their infringing work.  The challenged portions of the Infringing Works are substantially similar (if not identical) to protectable elements of "The Whole Truth."

36.     Defendants knew or should have known that "The Whole Truth" was subject to a valid copyright, possessed by Plaintiff.   Upon discovery of their infringement of that copyright, Defendants were notified of the copyright and continued to publish, market, and sell the Infringing Works in contravention of the copyright.

37.     Defendants, and each of them, have infringed the copyright to "The

- 10 -

Whole Truth" by incorporating a portion of that work into the Infringing Works, without authorization. Defendants have published, manufactured, distributed, sold and licensed copies of the Infringing Works as well as unauthorized derivative works, including, but not limited to an audiobook, all violations of 17 U.S.C. §106. Defendants never paid Plaintiff nor secured the permission for the use of any part of "The Whole Truth" and have continually sold and otherwise exploited the Infringing Work, thus depriving Plaintiff of the benefits derived from the exploitation of the copyrighted literary work, and to deprive Plaintiff of the goodwill that would necessarily be associated.

38.   By reason of Defendants' willful infringement and threatened continued infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage to his ownership right in the copyrighted work.

39.   Defendants' acts of infringement are willful, intentional and purposeful in disregard of and with indifference to Plaintiff's rights. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b).

40.   Plaintiff is further entitled to recover from the Defendants the damages he has sustained and will sustain, and any gains, profits and advantages obtained by the Defendants as a result of their willful acts of infringement alleged in this Complaint. Plaintiff is further entitled to statutory damages, as well as attorneys' fees, and including but not limited to such damages and awards as are available under 17. U.S.C. §§504-505.

41.   As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless enjoined and restrained by this Court, Defendants will continue

- 11 -

1  to infringe on Plaintiff's copyrighted literary work. Plaintiff is entitled to
2  preliminary and permanent injunctive relief to restrain and enjoin Defendants'
3  continuing infringing conduct.

4  

**COUNT II**
**CONTRIBUTORY COPYRIGHT INFRINGMENT AND**
5  **RELATED CLAIMS PURSUANT TO 17 U.S.C. §101 ET SEQ**

6  42.    Plaintiff hereby incorporates by reference all preceding paragraphs
7  as if fully set forth herein.

8  43.    Upon information and belief, in addition to committing the direct
9  acts of infringement alleged above, each Defendant, individually and in concert,
10  directly and intentionally contributed to the direct infringement of Plaintiff's
11  copyrights by illegally distributing and selling the Infringing Works to
12  consumers, to Plaintiff's determent. Defendants' conduct, as alleged in this
13  Complaint, constitutes contributory infringement of Plaintiff's copyrights in
14  violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and
15  501.

16  44.    Upon information and belief, Defendants directed and controlled the
17  infringing activities alleged in this Complaint and were and are in a position to
18  benefit economically from the infringement of plaintiff's intellectual property
19  rights.

20  45.    Defendants directly encouraged, facilitated, and/or induced the
21  unauthorized reproduction, adaptation, distribution, and public display of
22  Plaintiff's work; thus, Defendants are contributorily liable for Plaintiff's resulting
23  damages. Defendants' actions and omissions as identified in this Complaint show
24  that Defendants acted intentionally disregarded Plaintiff's copyrights without
25  permission, license, or consent of Plaintiff.

26  46.    Plaintiff is entitled to recover from the Defendants the damages he
27  has sustained and will sustain, and any gains, profits and advantages obtained by
28  Defendants as a result of the Defendants' contributory infringements alleged in

- 12 -

1    this Complaint, or in the alternative statutory damages, as well as attorneys' fees,

2    and including but not limited to such damages and awards as are available under

3    17. U.S.C. §§504-505.

4        47.    As a result of Defendants' unlawful and deliberate conduct as set

5    forth above, Plaintiff has been and will continue to be damaged. Plaintiff is

6    entitled to recover the damages sustained and will sustain, and any gains, profits,

7    and advantages obtained and enjoyed by Defendants as a result of their acts of

8    copyright infringement as alleged above. At present, the amount of such damages,

9    gains, profits, and advantages cannot be fully ascertained by Plaintiff and will be

10   established according to proof at trial.

11       48.    As a direct and proximate result of the foregoing acts and conduct,

12   Plaintiff has sustained and will continue to sustain substantial, immediate, and

13   irreparable injury, for which there is no adequate remedy at law. On information

14   and belief, unless enjoined and restrained by this Court, Defendants will continue

15   to infringe on Plaintiff's copyrighted literary work. Plaintiff is entitled to

16   preliminary and permanent injunctive relief to restrain and enjoin Defendants'

17   continuing infringing conduct.

18   **COUNT III**
**VICARIOUS COPYRIGHT INFRINGMENT AND RELATED CLAIMS**
19   **PURSUANT TO 17 U.S.C. §101 ET SEQ**

20       49.    Plaintiff hereby incorporates by reference all preceding paragraphs

21   as if fully set forth herein.

22       50.    Upon information and belief, in addition to committing the direct

23   and contributory acts of infringement alleged, Defendants, individually and in

24   concert encouraged and facilitated the infringing activity by reproducing,

25   licensing, printing, distributing, marketing, and selling the Infringing Work to

26   Plaintiff's detriment.

27       51.    Upon information and belief, Defendants facilitated such infringing

28   and illegal activity in violation of Plaintiff's intellectual property rights, and each

- 13 -

CIVIL COMPLAINT FOR DAMAGES

had a direct financial interest in, and stood to gain a direct financial benefit from the deliberate infringing activity.

52.     Upon information and belief, Defendants both did more than supply the means to effectuate the infringement of Plaintiff's copyrights but substantially participated in, and stood to benefit financially from, such infringing activities to Plaintiff's detriment.

53.     Upon information and belief, Defendants conspired and acted in concert with one another to accomplish the above acts,

54.     As a result of Defendants' unlawful conduct as set forth above, defendants in addition to their liability for direct and contributory infringement of Plaintiff's copyrights, are jointly and severally liable for vicarious infringement of Plaintiff's copyrights.

55.     As a result of Defendants' unlawful conduct as set forth above, Plaintiff has been and will continue to be damaged. Plaintiff is entitled to recover the damages sustained and will sustain, and any gains, profits, and advantages obtained and enjoyed by Defendants as a result of their acts of copyright infringement as alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff and will be established according to proof at trial.

56.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless enjoined and restrained by this Court, Defendants will continue to infringe on Plaintiff's copyrighted literary work. Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## **PRAYER FOR RELIEF**

1    **WHEREFORE,** Plaintiff prays for relief against Defendants, and each of
2    them jointly and severally, as follows:

3        1.    For damages in such amount as may be found, or as otherwise
4    permitted by law;

5        2.    For an accounting of, and the imposition of constructive trust with
6    respect to, Defendants' profits attributable to their infringements of Plaintiffs'
7    copyright in the Infringing Work or those profits realized as a result of the use of
8    Plaintiff's copyright materials or alternately, for statutory damages for willful
9    infringement of copyright;

10       3.    Awarding Plaintiff actual damages under 17 U.S.C. §504(b);

11       4.    Awarding Plaintiff damages in an amount equal to the Defendants'
12   profits as authorized by 17 U.S.C. §504(b);

13       5.    Awarding Plaintiff statutory damages in conformance with 17 U.S.C.
14   §504(c);

15       6.    For reasonable attorney's fees pursuant to 17 U.S.C. §505;

16       7.    Interest on the judgment at the highest legal rate from the date of
17   judgment until collected;

18       8.    For expenses and costs of this action;

19       9.    An injunction to prevent the Defendants from continued distribution
20   of the Infringing Works; and

21       10.   Such other or further relief as this Court deems necessary, just and
22   proper.

April __3__, 2018                     Respectfully submitted,

                                      **NELSON & FRAENKEL LLP**

                                      Gretchen M. Nelson (No.112566)
                                      gnelson@nflawfirm.com
                                      Gabriel S. Barenfeld (No. 224146)
                                      gbarenfeld@nflawfirm.com
                                      707 Wilshire Blvd, Suite 3600
                                      Los Angeles, CA 90017
                                      Telephone: (213) 622- 6469
                                       Facsimile: (213) 622-6019


                                      John H. Gomez (No. 171485)
                                      john@gomeztrialattorneys.com
                                      **GOMEZ TRIAL ATTORNEYS**
                                      650 Town Center Drive, Suite 870
                                      Costa Mesa, CA 92626
                                      Telephone (619) 237-3490
                                      Fax: (619) 237-3496

                                       Ed Allred (*Pro Hac Vice* Application to
                                       follow)
                                       eallred@wattsguerra.com
                                       Jorge L. Mares (*Pro Hac Vice* application
                                       anticipated)
                                       jmares@wattsguerra.com
                                       WATTS GUERRA LLP
                                       4 Dominion Drive, Bldg 3.
                                       San Antonio, Texas 78257
                                       Office: 210.448.0500
                                       Fax: 210.448.0501


                                       *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April __3__ , 2018          Respectfully submitted,

**NELSON & FRAENKEL LLP**


Gretchen M. Nelson (No.112566)
gnelson@nflawfirm.com
Gabriel S. Barenfeld (No. 224146)
gbarenfeld@nflawfirm.com
707 Wilshire Blvd, Suite 3600
Los Angeles, CA 90017
Telephone: (213) 622- 6469
Facsimile: (213) 622-6019


John H. Gomez (No. 171485)
john@gomeztrialattorneys.com
**GOMEZ TRIAL ATTORNEYS**
650 Town Center Drive, Suite 870
Costa Mesa, CA 92626
Telephone (619) 237-3490
Fax: (619) 237-3496


Ed Allred (*Pro Hac Vice* Application to follow)
eallred@wattsguerra.com
Jorge L. Mares (*Pro Hac Vice* application anticipated)
jmares@wattsguerra.com
WATTS GUERRA LLP
4 Dominion Drive, Bldg 3.
San Antonio, Texas 78257
Office: 210.448.0500
Fax: 210.448.0501


*Attorneys for Plaintiff*